O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MICHAEL LEE HOLBROOK, | ) Case No. 2:09-cv-05682-CAS-AGRx |
|---|---|
| Plaintiff, | ) ORDER GRANTING IN PART MOTION TO DISMISS AND MOTION TO STRIKE FILED BY AURORA LOAN SERVICES INC AND DEUTSCHE BANK TRUST COMPANY AMERICAS (DOCKET NO. 17) |
| vs. | |
| AURORA LAON SERVICES LLC; DEUTSCHE BANK BERKSHIRE MORTGAGE, INC.; RESIDENTIAL FUNDTING COMPANY, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC; AND DOES 1-10, | ) REMANDING PLAINTIFF'S STATE LAW CLAIMS TO LOS ANGELES SUPERIOR COURT |
| Defendants. | ) DENYING DEFENDANT MERS' MOTIONS TO DISMISS AND STRIKE (DOCKET NOS. 21 & 22) AS MOOT |

The matter is before the Court on the following motions, which were originally set for hearing on November 16, 2009 and November 23, 2009.

1. Defendants Aurora Loan Services and Deutsche Bank Trust Company's (collectively, "Aurora") Motion to Dismiss and Motion to Strike (docket no. 17);

2. Defendant Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss (docket no. 21); and

3. Defendant MERS' Motion to Strike (docket no. 22).

On November 17, 2009 the Court took the motions under submission. On January 27, 2010 the matter was reassigned to this chambers. The Court has read and

considered the moving, opposing, and reply documents submitted in connection with these motions.[1] The Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons and in the manner set forth below Aurora Loan Services and Deutsche Bank Trust Company's Motion to Dismiss and Motion to Strike (docket no. 17) is GRANTED IN PART. Plaintiff's federal claims (Claims 1, 2, and federal claims in claim 10) are DISMISSED, and the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims, which are REMANDED to Los Angeles Superior Court. Finally, MERS' motions (docket nos. 21 & 22) are DENIED AS MOOT.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of an option adjustable rate mortgage ("ARM") loan transaction plaintiff Michael Lee Holbrook entered into with Homecomings Financial Network, Inc. ("Homecomings"). First Amended Complaint ("FAC"), ¶ 16. The loan was secured by a deed of trust on plaintiff's residence located in Downey, California. FAC, ¶¶ 7, Exhibit D. At some point, plaintiff "suffered a hardship" and fell behind on his mortgage payments "for reasons beyond his control," which plaintiff alleges occurred because he is "a victim of fraud."[2] FAC

---

[1] To date, no reply has been filed in connection with Aurora Loan Services and Deutsche Bank Trust Company America's Motion (docket no. 17). Pursuant to the Court's Standing Order, replies were due not later than November 9, 2009.

[2] Plaintiff also alleges that he failed to discover the TILA disclosure violations within the one-year limitations period for TILA damages claims "due to the fact that Defendant Deutsche fraudulently concealed the facts that are the basis of Plaintiff's claim." FAC ¶ 75.

1 ¶ 38.

2     On, July 14, 2009, plaintiff initiated this litigation with the filing of a
3 complaint in Los Angeles Superior Court. On August 4, 2009, defendant
4 Mortgage Electronic Registration Services, Inc. ("MERS") removed this action to
5 this Court pursuant to 28 U.S.C. § 1441, stating that removal was on the basis of
6 "substantial federal questions [which] are alleged in the complaint." *See* Notice
7 of Removal at 3 (stating that the state court complaint included "claims that are
8 based, in part, upon federal law, including implications as to violations of" the
9 federal Truth in Lending Act ("TILA"), the National Housing Act, Fair Debt
10 Collections Act, and Real Estate Settlement Procedures Act ("RESPA").
11 Defendant Aurora Loan Services, LLC filed a motion to dismiss on August 20,
12 2009.

13     However, on September 14, 2009, plaintiff filed the FAC, naming the
14 following entities as defendants: Aurora Home Loan Services, LLC; Deutsche
15 Bank Trust Company Americas, as Trustee for residential Accredit Loans Inc.
16 Mortgage Asset-Backed Pass-Through Certificates, Series 2006-Q01; Residential
17 Funding Company, LLC ("RFC");[3] and MERS.

18     The FAC summarizes the nature of plaintiff's suit as "based, in part, on
19 Defendants['] failure to provide accurate material disclosures and loan
20 modification for the subject loan transaction and lack of legal standing to
21 foreclose on Plaintiff's property." FAC, ¶ 1.

22     In the FAC, plaintiff alleges that he entered into the transaction at issue
23 with Homecomings[4] and that the loan "was subsequently assigned improperly to
24 Deutsche." FAC, ¶ 16. Plaintiff further alleges that the loan at issue is subject to
25 the provisions of the Truth in Lending Act, 15 U.S.C. § 1601 et seq ("TILA") and

---

[3] RFC was subsequently dismissed by plaintiff on October 6, 2009.

[4] Homecomings is not named as a defendant in this action.

3

that Deutsche was required to make disclosures pursuant to the TILA. FAC, ¶ 18. Plaintiff alleges that he "was not provided with the disclosures pursuant to the TILA." FAC ¶ 19; *see also* FAC ¶ 24 (alleging that the loan documents failed to adequately disclose the "(i) the actual interest rate on which the payment amounts listed in the TILD [were] based; and (ii) that making the payments according to the payment schedule listed in the TILD would result in negative amortization and that the principal balance [would] increase; and (iii) that the payment amounts listed on the TILD [were] insufficient to pay both principal and interest.")[5]

Plaintiff goes on to allege that, prior to initiating this litigation, he attempted to discuss a loan modification with "Defendants,"[6] none of whom responded to or acted upon plaintiff's modification proposals. FAC, ¶ 20. Plaintiff alleges that this failure by defendants represents a violation of California Civil Code Sections 2923.5, 2923.52, 2923.53, and 2923.6 (FAC, ¶ 20); and plaintiff maintains that defendants' conduct "has caused a Notice of Default,

---

[5]The documents attached as Exhibit C to the FAC include: (a) a copy of an Adjustable Rate Note, dated December 14, 2005, and signed by plaintiff; and (b) a copy of a Truth-in-Lending Disclosure ("TILD"), signed by plaintiff. A deed of trust, identifying Homecomings Financial Network, Inc. as the lender, is attached as Exhibit D to the FAC.

[6]In the FAC, plaintiff alleges that he "can enter into a loan modification that is affordable to him and is one which would be more profitable to Defendants than the foreclosures." FAC ¶ 22.

4

Notice of Trustee Sale, and Trustee's Deed to be recorded on plaintiff's property."[7] FAC ¶ 23. He also alleges that, because Aurora received funds under the Troubled Asset Relief Program ("TARP"), Aurora was obligated to contact plaintiff to determine his eligibility for the Making Home Affordable Program. FAC ¶¶ 33-35.

With the FAC, plaintiff asserts 17 claims for relief. The first and second claims are for violations of two federal statutes, the TILA and the National Housing Act, 12 U.S.C. § 1701 et seq. ("NHA") respectively. Additionally, plaintiff's tenth claim, for "unfair debt collection practices," includes state law claims and also claims made under the Federal Fair Debt Collections Act, 15 U.S.C. § 1692 et seq. ("FDCA"), as well as under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 ("RESPA").

## II. APPLICABLE LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable

---

[7] The FAC does not state when the notice of default and resulting foreclosure sale occurred.

5

inferences to be drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Sprewell*, 266 F.3d at 988; *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). *In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed

should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III.  DISCUSSION

The Court finds, after reviewing defendant Aurora's Motion to Dismiss, and plaintiff's Opposition, that plaintiff's federal claims in his FAC are DISMISSED WITH PREJUDICE. The Court declines to exercise supplemental jurisdiction over the plaintiff's remaining state law claims, and remands the matter to Superior Court of California, County of Los Angeles.

**A.     Truth In Lending Act Claim (First Claim for Relief)**

Plaintiff's first claim for relief is for violation of the TILA. Plaintiff alleges the loan failed to comply with the disclosure requirements of the implementing regulation, Regulation Z, 12 C.F.R. § 226.1 et seq.; specifically, the loan documents "failed in a number of ways to clearly, conspicuously and/or accurately disclose the terms of the Option ARM loan to Plaintiff as was required." FAC, ¶ 62. Plaintiff's FAC goes on to provide further details of the failures to disclose. *See* FAC, ¶¶ 63-73. Plaintiff requests rescission of the mortgage loan pursuant to 15 U.S.C. § 1635 and 12 C.F.R. § 226.23, damages pursuant to 15 U.S.C. § 1640, as well as attorneys fees, and all costs. FAC, ¶ 76.

Aurora argues first that there is no right to rescind, because the property has already sold at a trustee sale. *See* Aurora Motion to Dismiss, at 8. Indeed the property was sold at a trustee's sale on May 22, 2009. *See* Aurora's Request for Judicial Notice in Support of Motion to Dismiss ("RJN"), Exs. 5-6. The initial Complaint in state court was filed after this, on July 14, 2009. *See* Notice of

Removal, Ex. A.  The TILA specifies that the right to rescission expires "three years after the date of consummation of the transaction or upon sale of the property[.]."  15 U.S.C. § 1635(f).  The implementing regulation, Regulation Z, similarly provides that "if the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first."  12 C.F.R. § 226.23.  As the property was sold before the case was even filed, the right of rescission has expired under Section 1635(f).  *See In re Walker*, 232 B.R. 725, 732 (Bankr. N.D. Ill. 1999) (holding "[o]nce there has been a final foreclosure sale of the borrower's principal residence and the redemption period has expired, the right to rescind will be terminated"); *Metcalf v. Drexel Lending Group*, No. 08-CV-0731, 2008 WL 2682851, at *2 (S.D. Cal. July 3, 2008) (noting that "[p]laintiff's claim for rescission also appears barred because the foreclosure sale already occurred").[8]

Additionally, the claim for rescission is time-barred by the three-year limitations period cited above in Regulation Z.  The loan transaction at issue was consummated on, between, or about the dates of December 14, 2005 and December 17, 2005.  *See* RJN, Ex. 1; FAC, ¶ 16, Ex. D.  This action was not filed in state court until more than three and a half years later, on July 14, 2009. *See* Notice of Removal, Ex. A.  Thus the action is time-barred.

Similarly, the claim for damages is barred by the TILA's one-year statute of limitations.  A TILA action to recover damages must be brought "within one

---

[8] *See also Uribe v. Countrywide Financial Corp.*, No. 08-CV-1982, 2009 WL 189013, at *3 (S.D. Cal. Jan. 26, 2009) (citing *Metcalf*); *Ford v. Wells Fargo Home Mortg.*, No., 2008 WL 5070687, at *3 (N.D. Cal. Dec. 1, 2008) (citing *Metcalf*).

8

1  year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The
2  relevant date of occurrence is the closing date of the loan transaction. *See King v.*
3  *California*, 784 F.2d 910, 915 (9th Cir. 1986). The mortgage loan transaction at
4  issue closed on, between, or about the dates of December 14, 2005 and December
5  17, 2005. *See* RJN, Ex. 1; FAC, ¶ 16, Ex. D. This action was not filed in state
6  court until more than three and a half years later, on July 14, 2009. *See* Notice of
7  Removal, Ex. A. Thus the action is time-barred.

8  Equitable tolling does not apply to either statute of limitations. "Equitable
9  tolling is generally applied in situations 'where the claimant has actively pursued
10  his judicial remedies by filing a defective pleading during the statutory period, or
11  where the complainant has been induced or tricked by his adversary's misconduct
12  into allowing the filing deadline to pass.'" *O'Donnell v. Vencor, Inc.*, 465 F.3d
13  1063, 1068 (9th Cir. 2006 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S.
14  89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)); *see also Santa Maria v. Pacific*
15  *Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000) (stating that equitable tolling focuses
16  on excusable delay by the plaintiff); *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th
17  Cir. 1999) (stating equitable tolling applies when the wrongful conduct of a
18  defendant prevents plaintiff from asserting a claim or when extraordinary
19  circumstances beyond a plaintiff's control made it impossible to file a claim on
20  time). Plaintiff states in conclusory fashion that he failed to discover any and all
21  disclosures "due to the fact that Defendant DEUTSCHE fraudulently concealed
22  the facts that are the basis of Plaintiff's claim." FAC, ¶ 75. The Court "is not
23  required to accept legal conclusions cast in the form of factual allegations if those
24  conclusions cannot be reasonably drawn from the facts alleged." *Clegg v. Cult*
25  *Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citations omitted); *see*
26  *also Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the

1  'grounds' of his 'entitle[ment] to relief' requires more than labels and
2  conclusions.") The preceding paragraphs in the FAC merely allege failures to
3  disclose, not anything that could be fairly construed as fraudulent concealment.
4  Nothing in the FAC supports equitable tolling.   Moreover, plaintiff has had the
5  opportunity to amend his complaint once already, and has failed to state a claim
6  in the first claim for relief. *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622
7  (9th Cir. 2004) ("Where the plaintiff has previously filed an amended
8  complaint,..., the district court's discretion to deny leave to amend is 'particularly
9  broad.'" (quoting *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002)).
10 Thus, the first cause of action is DISMISSED WITH PREJUDICE.

**B.     National Housing Act Claim (Second Claim for Relief)**

Plaintiff alleges that defendants failed to comply with the NHA's requirement that they advise plaintiff of any home ownership counseling defendants offer together with any information about counseling offered by the federal department of Housing and Urban Development.  FAC, ¶ 78.  Plaintiff alleges/argues the foreclosure was invalid unless and until defendants complied with 12 U.S.C. 1701x(c)(5)  Aurora argues that plaintiff cannot state a claim under the NHA because it provides for no private right of action.  Aurora Motion to Dismiss, at 9:10-18.  Plaintiff fails to make any counter-argument against this in his Opposition.  The Court agrees with other Courts to consider the issue that "there is no private right of action under the NHA." *Maguca v. Aurora Loan Services*, No. SACV 09-1086, 2009 WL 3467750, at * 2 (C.D. Cal. Oct. 28, 2009) (citing *Mertan v. Am. Home Mortgage Serv., Inc.*, No. SACV 09-723-DOC, 2009 WL 3296698 (C.D. Cal. Oct. 13, 2009); *Baker v. Northland Mortgage Co.*, 344 F.Supp. 1385 (N.D. Ill. 1972); *Wells Fargo Home Mortgage, Inc. v. Neal*, 922 A.2d 538, 543-44 (Md. 2007)).  Additionally, the FAC does not

1 allege facts demonstrating that plaintiff is an "eligible homeowner[]" under the
2 code section, despite plaintiff's protestations to the contrary. *See* 12 U.S.C. §
3 1701x(c)(4) (listing all the eligibility requirements). Plaintiff in fact makes no
4 allegations at all that he falls within the definition of 12 U.S.C. § 1701x(c)(4) (C).
5 Accordingly this claim is DISMISSED WITH PREJUDICE.

6 **C.    Federal Fair Debt Collection Practices Act Claim (Tenth Claim for**
7 **Relief)**

8 Among many other substantive basis for the tenth claim, plaintiff alleges
9 "Defendants" violated the FDCPA. FAC, ¶ 138. Plaintiff merely incorporates all
10 of his prior allegations from the FAC in the preceding paragraph. But, critically,
11 plaintiff fails to specify any particular provision of the FDCPA that defendants
12 violated.[9] This claim is DISMISSED WITH PREJUDICE on this basis. *See*
13 *Harrington v. Home Capital Funding, Inc.*, No. 08-CV-1579, 2009 WL 514254,
14 at *4 (S.D. Cal. March 2, 2009) (dismissing a FDCPA claim for failing to allege
15 the violation of any particular provision of the FDCPA).

16 Additionally, "[t]he 'activity of foreclosing on [a] property pursuant to a
17 deed of trust is not the collection of a debt within the meaning of the' FDCPA."
18 *Ines v. Countrywide Home Loans, Inc.*, No. 08-CV-1267, 2008 WL 2795875, at
19 *3 (S.D. Cal. July 18, 2008) (*quoting Hulse v. Ocwen Fed. Bank, FSB*, 195
20 F.Supp.2d 1188, 1204 (D.Or. 2002). Finally, the FAC fails to allege that Aurora
21 or any other defendant is a "debt collector" within the meaning of the statute,
22 which is an additional reason why plaintiff fails to state a claim for relief.

---

[9] Plaintiff cites 15 U.S.C. § 1692f(6) in his Opposition to the motion to dismiss, as a potential source of a violation, but the FAC contains no allegations tethered to any particular provision in the FDCPA

11

1 *Izenberg v. ETS Services, LLC*, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008).
Plaintiff has already had one opportunity to amend his Complaint. Accordingly the claim for violation of the FDCPA is DISMISSED WITH PREJUDICE.

**D.     Real Estate Procedures Act Claim (Tenth Claim for Relief)**

Plaintiff similarly fails in the FAC to allege a violation by any defendant of any particular provision of the RESPA. *See Harrington*, 2009 WL 514254, at *4 (dismissing a RESPA claim for failing to allege the violation of any particular provision of the RESPA, and for failing to allege which, if any, defendant violated any such provision). Accordingly, plaintiff's RESPA claim is dismissed. Plaintiff has already had one opportunity to amend his Complaint. Accordingly the claim for violation of the FDCPA is DISMISSED WITH PREJUDICE.

## IV.  CONCLUSION

Therefore, Aurora's Motion to Dismiss (docket no. 17) is GRANTED IN PART. Plaintiff's federal claims (Claims 1, 2, and 10) are DISMISSED, and the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims, which are REMANDED to Superior Court of California, County Los Angeles. MERS motions (docket nos. 21 & 22) are DENIED AS MOOT. The Clerk is directed to close this case.

**IT IS SO ORDERED.**

Dated: March 15, 2010.                    _____
                                           CHRISTINA A. SNYDER, JUDGE
                                           UNITED STATES DISTRICT COURT